# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

September 29, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Alonna A. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 25-2353-CDA

Dear Counsel:

On January 2, 2026, Plaintiff Alonna A. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2025). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 11, 15[1], and 18). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE and REMAND the Commissioner's decision. This letter explains why.

## I. PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on July 10, 2020, alleging a disability onset of May 8, 2020. Tr. 183-184. Plaintiff's claims were denied initially and on reconsideration. Tr. 105-119. On April 5, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 16. Following the hearing, on April 20, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 13. The Appeals Council affirmed the ALJ's decision, rendering it a final decision. Tr. 1-6. Plaintiff then filed for judicial review on December 2, 2022. Tr. 602. On December 1, 2023, the Court remanded the case to the Commissioner. Tr. 604-609. On April 9, 2025, the case was heard by an ALJ a second time. Tr. 612-616. On April 25, 2025, the ALJ denied Plaintiff's claims for DIB. Tr. 498-523. The ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a). Plaintiff filed this second request for judicial review on July 21, 2025. ECF 1.

---

[1] Defendant filed the same brief twice (ECF 14 and 15).

[2] 42 U.S.C. §§ 301 et seq.

## II. THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff, "[d]uring the requested a closed period from May 8, 2020 through October 1, 2021 . . . did not engage in substantial gainful activity." Tr. 503. At step two, the ALJ found that through the closed period, Plaintiff suffered from the severe impairments of "Complex Regional Pain Syndrome (CRPS); Disorders of the Skeletal Spine (Lumbar, Cervical); Dysfunction Major Joints (Right Knee, Right Shoulder); Anxiety; Depression; and Obesity." Tr. 504. At step three, the ALJ determined that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 504. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant was: able to stand/walk up to 4 hours in an 8-hour workday; able to sit up to 6 hours in an 8-hour workday; occasionally able to climb ramps or stairs; never able to climb ladders, ropes or scaffolds; occasionally able to balance, stoop, kneel, crouch or crawl; able to understand and carry out simple instructions and routine, repetitive tasks; able to apply commonsense understanding to carry out detailed, but uninvolved, instructions; avoid work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the others); able to perform work activities for up to 2 hours at a time but would then become distracted, causing the individual to be off task. However, time off task can be accommodated with normal breaks; occasionally able to change activities or work settings during the workday without being disruptive; occasionally able to deal with changes in a routine work setting; limited to frequent use of the right upper extremity for reaching in any direction; limited to frequent use of the right upper extremity for pushing/pulling or operation of hand controls; limited to frequent use of the right upper extremity for fine fingering or grasping/handling of small objects; limited to frequent use of the right lower extremity for pushing/pulling or operation of foot controls; avoid concentrated exposure to extreme cold or heat; and avoid concentrated exposure to vibration.

Tr. 506-507. The ALJ determined that Plaintiff was unable to perform past relevant work as a

Food Service Director (DOT[3] #187.167-026) but could perform other jobs that existed in significant numbers in the national economy. Tr. 514-515. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 516.

## III. LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review considers only whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

Plaintiff raises two arguments: (1) that the ALJ's RFC determination and denial of benefits is not supported by substantial evidence because their evaluation of Plaintiff's Complex Regional Pain Syndrome, Type I ("CRPS") failed to comport with SSR 03-2p, and (2) the ALJ did not provide a function-by-function analysis or logical bridge to explain how they determined that Plaintiff could stand and walk for up to four hours per workday. ECF 11, at 10, 17. Defendant counters that the ALJ conducted an extensive analysis in supporting his findings, including using information that Plaintiff claims is lacking from the decision. ECF 14, at 6-7.

A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. § 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)) (alteration in original). Pursuant to Social Security Ruling ("SSR") 96-8p, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. § 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do past work or other work." 20 C.F.R. § 416.945(b); *see*

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*also* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

Only after such an analysis may an ALJ express RFC in terms of the exertional level of work that the ALJ believes the claimant can perform. *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). As *Dowling* explains, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [] the evidence' that supports it." *Id.* (quoting *Thomas*, 916 F.3d at 311) (alteration in original). Courts in this circuit recognize that an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to those conclusions. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

CRPS, also referred to as Reflex Sympathetic Dystrophy Syndrome ("RSD"), is a chronic pain syndrome that can be triggered by even a minor injury. SSR 03-2P, 2003 WL 22399117, at *1 (Oct. 20, 2003). "The most common acute clinical manifestations include complaints of intense pain and findings indicative of autonomic dysfunction" at the site of the injury. *Id.* "It is characteristic of this syndrome that the degree of pain reported is out of proportion to the severity of the injury sustained by the individual." *Id.* Once CRPS is established as a medically determinable impairment, "the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities." *Id.* at *6. If these statements about the "intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record." *Id.*

Plaintiff compares their case to *Berry v. Saul*, No. 5:20-cv-00002-FDW, 2020 WL 6365464 (W.D.N.C. Oct. 29, 2020) and *Stephanie N. v. Saul*, No. SVH-20-2027, 2021 WL 777560 (D.S.C. Mar. 1, 2021). *See* ECF 11, at 12. In *Berry*, the court remanded the case because the ALJ did not sufficiently analyze the plaintiff's RSD and thus lacked the support of substantial evidence. *Berry*, 2020 WL 6365464, at *4-5. The court explained that the ALJ's determination ignored the "transitory nature of RSD" and lacked clarification regarding conflicting evidence on the record. *Id.* at *4. In *Stephanie N.*, the ALJ discredited the plaintiff's statements about her symptoms because they were not fully consistent with the objective medical evidence of record. 2021 WL 777560, at *20-22. The court found error because the ALJ did not consider the plaintiff's statements of pain based on the entire record, failed to consider whether the plaintiff's complaints were consistent throughout the record, and, ultimately, "overemphasi[zed] [the] objective evidence" without proper consideration of the plaintiff's subjective complaints. *Id.*

Plaintiff argues that the ALJ here erred similar to the ALJs in *Berry* and *Stephanie N.* by placing too strong an emphasis on the lack of objective evidence to support Plaintiff's subjective complaints. ECF 11, at 14. Defendant, on the other hand, argues that it is Plaintiff's burden to prove she is disabled but that she "attempts to sidestep this burden by suggesting that it was the ALJ who had to prove why she was not *more* limited." ECF 14, at 7 (emphasis in original). Defendant emphasizes that *Stephanie N.* is non-binding and, in any event, distinguishable due to materially different facts.[4] *Id.* at 9.

---

[4] Defendant does not discuss the persuasiveness of *Berry*.

The Court's review of the ALJ's decision leads to the conclusion that the ALJ did not engage in the CRPS analysis that SSR 03-2p requires. The ALJ's decision does not acknowledge the unique features of this syndrome, including its transitory nature, the fact that "[t]he degree of reported pain is often out of proportion to the severity of the precipitating injury," and that "conflicting evidence in the medical record is not unusual." SSR 03-2p, 68 Fed. Reg. at 59,972, 59,974. The ALJ did not engage with the conflicting evidence; instead, they simply dismissed it as "inconsistent" and discounted Plaintiff's subjective complaints. *See* Tr. 511 ("Physically, the claimant's testimony and written statements regarding her ability to tolerate standing and walking conflict with the consistently normal . . . findings observed by her doctors."); *id.* (finding that Plaintiff's "remarks regarding her ability to walk vary considerably depending on the source" but never reckoning with how the inconsistencies could be consistent with Plaintiff's CRPS diagnosis). Nor did the ALJ "adequately explain their conclusions regarding credibility and how those conclusions factored into the [RFC] determination." *Jacob B. v. Bisignano*, No. EA-25-1214, 2026 WL 972983, at *6 (D. Md. Apr. 10, 2026) (quoting *Jermain G. v. Kijakazi*, No. GLS-21-2445, 2023 WL 196050, at *4 (D. Md. Jan. 17, 2023)). "The ALJ bears the responsibility of clearly articulating why [they] find[] [p]laintiff's statements to be incredible, citing to specific inconsistencies, and explaining how those inconsistencies support [the] credibility conclusion." *Jermaine G.*, 2023 WL 196050, at *5. The ALJ did not do so in this case. Thus, the ALJ did not apply the correct legal standard under SSR 03-2p, and the decision must be reversed and remanded.

Because the case is being remanded on other grounds, I need not address Plaintiff's other contentions. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V. <u>CONCLUSION</u>

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED and REMANDED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge